IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BRADFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-01405-MJR |
| | ) |
| SGT. KRAMER, ROBERT DEWALL, | ) |
| EVAN BAILEY, ROBERT ROSS, | ) |
| COLLEEN MOORE, | ) |
| and UNKNOWN PARTY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Now before the Court for consideration is the First Amended Complaint (Doc. 10) ("amended complaint") filed by Plaintiff David Bradford against five known and numerous unknown officials at Alton City Jail ("Jail"). Plaintiff is currently housed at the Jail on a federal holdover, and he brings this action *pro se* pursuant to 28 U.S.C. § 1331. According to the amended complaint, Jail officials use a "360 degree camera" in Plaintiff's cell to monitor his activities at all times. (Doc. 10, p. 5). Plaintiff claims that this method of surveillance interferes with the exercise of his religion in violation of the First Amendment, constitutes an invasion of his privacy in violation of the Fourth Amendment, and amounts to cruel and unusual punishment in violation of the Eighth Amendment. (*Id*.). He seeks monetary damages and injunctive relief.[1] (*Id*. at 6).

The amended complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter

---

[1] Plaintiff specifically seeks removal of the camera from his cell, which the Court construes as a request for injunctive relief. (*Id*. at 6).

out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). As discussed in more detail below, the amended complaint survives screening under this standard.

## Background

The instant case was severed from *Collier, et al. v. Kramer, et al.*, No. 15-cv-00674-SMY (original case), pursuant to a Memorandum and Order entered on December 22, 2015. (Doc. 52, original case; Doc. 1, instant case). The original case was filed by nine federal detainees and/or inmates who were housed at the Jail to complain about the conditions of their confinement and their lack of access to the courts. After reviewing the original complaint (Doc. 1, original case), the Court determined that joinder of the parties and their claims in a single action was not appropriate. *Id*. (citing FED. R. CIV. P. 20(a)-(b), 21; *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001)). Each plaintiff was therefore required to pursue his claims in a separate action.

Each plaintiff was also directed to file an amended complaint in his newly-severed case because the original complaint failed to state a claim upon which relief could be granted. Plaintiff David Bradford was granted leave to file his amended complaint under this case number no later than January 25, 2016. He filed a timely First Amended Complaint (Doc. 10), and it is now subject to preliminary review by this Court.

## First Amended Complaint

According to the amended complaint, Plaintiff is currently housed at Alton City Jail ("Jail") on a federal holdover. (Doc. 10, p. 1). A "360 degree camera" installed in his cell

enables prison guards to monitor his activities at all times. (*Id*. at 5). This includes instances in which he is undressed or using the restroom. All of the named defendants have used the camera to monitor Plaintiff, and each has seen him nude. Plaintiff feels humiliated by this method of surveillance.

Plaintiff is a Sunni Muslim, and he believes that it is taboo to be seen nude by anyone other than his wife. This includes both females and males, who are of "re[a]sonable age and mental compasity [sic] to know the shame of 'sexual activities' of 'sexual intercourse.'" (*Id*.). The constant surveillance thus interferes with Plaintiff's free exercise of religion and results in violations of his religious beliefs.

Plaintiff now sues Sergeant Kramer, Robert Dewall, Evan Bailey, Robert Ross, Colleen Moore, and Unknown Parties (Jail staff) for interfering with the free exercise of his religion in violation of the First Amendment, invading his privacy in violation of the Fourth Amendment, and subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. He seeks monetary damages and removal of the camera from his cell.[2]

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* amended complaint into the following enumerated counts.

> **Count 1:** **Defendants violated Plaintiff's rights under the First Amendment and/or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*., by using a "360 degree camera" to continuously**

---

[2] Plaintiff did not request immediate relief in his amended complaint or file a separate motion seeking a temporary restraining order and/or a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. He is free to file a motion at any time while this action is pending, if he believes that either form of relief is warranted.

>monitor him in his cell, despite the fact that Plaintiff is a Sunni Muslim whose religious beliefs strictly prohibit anyone other than his wife from seeing him nude.

>**Count 2:** Defendants invaded Plaintiff's privacy under the Fourth Amendment by continuously monitoring him in his cell using a "360 degree camera."

>**Count 3:** Defendants subjected Plaintiff to cruel and unusual punishment under the Eighth Amendment by continuously monitoring him in his cell using a "360 degree camera."

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

As discussed in more detail below, **Count 1** survives screening and is subject to further review. **Count 2** shall be dismissed with prejudice for failure to state a claim upon which relief may be granted, and **Count 3** shall be dismissed without prejudice for the same reason.

## Discussion

At the outset, the Court questions whether Plaintiff should have brought his claims pursuant to 42 U.S.C. § 1983, instead of 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Section 1983 imposes tort liability on state actors, and sometimes their employers, for violations of federal rights. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). *Bivens* provides a private cause of action for damages against federal actors for constitutional torts. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (citing *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)). In other words, a *Bivens* action is the federal corollary to a § 1983 action.

Plaintiff brings this action pursuant to § 1331 and *Bivens*, presumably because he is a federal pretrial detainee or prisoner who was housed at the Jail on a federal holdover.

Despite his status, however, Plaintiff is suing Jail employees. Claims against local officials are generally brought pursuant to § 1983, even when raised by federal prisoners. *See, e.g., Belbachir*, 726 F.3d at 978 (contract between the Federal Bureau of Prisons and a county jail does not automatically transform a state actor into a federal officer). *See also Hunter v. Amin*, 583 F.3d 486 (7th Cir. 2009); *Lewis v. Downey*, 581 F.3d 467, 471 n. 3 (7th Cir. 2009); *Ortiz v. Downey*, 561 F.3d 664 (7th Cir. 2009); *Grieveson v. Anderson*, 538 F.3d 763 (7th Cir. 2008); *Porro v. Barnes*, 624 F.3d 1322 (10th Cir. 2010); *Wilson v. Blankenship*, 163 F.3d 1284 (11th Cir. 1998)) (allowing § 1983 claims by federal prisoners to proceed against county or city employees). For purposes of this screening order, the Court assumes, without deciding, that Plaintiff's claims arise under § 1983.

The Court also questions whether Plaintiff is a pretrial detainee or prisoner. The applicable legal standard for Plaintiff's claims depends on his status. Although the Due Process Clause[3] generally provides the source of constitutional protection for pretrial detainees, courts frequently look to case law involving prisoners when analyzing the claims that Plaintiff now puts forth in his amended complaint. Under the circumstances, Plaintiff's unknown status does not preclude the Court from screening the amended complaint.

## Count 1

The Court will allow Plaintiff to proceed with a claim (**Count 1**) against the defendants under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. The amended complaint does not specifically plead a RLUIPA violation, but alleges unconstitutional restrictions on Plaintiff's religious practice under the First Amendment. This omission is not an obstacle to Plaintiff's RLUIPA claim.

---

[3] The Fifth Amendment Due Process Clause applies to federal prisoners, and the Fourteenth Amendment Due Process Clause applies to state prisoners.

The Seventh Circuit has held that "a prisoner who does not plead a RLUIPA violation specifically, but does allege unconstitutional restrictions on religious practice, states a claim under the statute." *Ortiz*, 561 F.3d at 670 (citing *Alvarez v. Hill,* 518 F.3d 1152, 1157 (9th Cir. 2008) (holding that a prisoner who complained that officials substantially burdened his religious exercise advanced a claim under RLUIPA "because his complaint and subsequent filings provided appellees with 'fair notice' of that claim, even though the statute was not cited in the complaint itself"); *Hammons v. Saffle,* 348 F.3d 1250, 1258–59 (10th Cir. 2003) (remanding with instructions to construe a *pro se* prisoner complaint in light of RLUIPA even though the complaint alleged only a violation of "his religious freedom rights").  The factual allegations in the amended complaint provide the defendants with "fair notice" of the necessary elements of a RLUIPA claim.  Accordingly, the First Amendment and RLUIPA claims in **Count 1** survive screening.  Because Plaintiff seeks injunctive relief, the Court will direct the Clerk to add the Jail's Superintendent, in his or her official capacity, in order to carry out any injunctive relief that is ordered.

## Count 2

The amended complaint articulates no viable claim against the defendants for the invasion of Plaintiff's privacy (**Count 2**).  Neither detainees nor prisoners have a right to be free from reasonable surveillance.  The Seventh Circuit has held that a prisoner retains no expectation of privacy in his cell under the Fourth Amendment.  *Hudson v. Palmer*, 468 U.S. 517, 525-30 (1984).  Likewise, the Seventh Circuit found no protected privacy interest at stake, in the context of jail policies that expose nude male detainees to female guards.  *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995) (holding that female prison guards can monitor male detainees who are in the shower or on the toilet).  Indeed, the "monitoring of naked prisoners is not only

permissible . . . but also sometimes mandatory." *Matthews v. Raemisch*, 513 F. App'x 605, 608 (7th Cir. 2013) (quoting *Johnson*, 69 F.3d at 146).

Further, visual searches, such as those at issue in this case, are distinguishable from searches involving bodily contact. The Fourth Amendment provides no protection for the former. *See Florence v. Board of Chosen Freeholders*, 132 S. Ct. 1510, 1523 (2012) (visual strip-searches of pretrial detainees deemed permissible under Fourth Amendment, but not ruling on searches involving physical contact with detainee); *Peckham v. Wisconsin Dep't of Corr.*, 141 F.3d 694, 699 (7th Cir. 1998) (Easterbrook, J., concurring in judgment) (Fourth Amendment protects prisoners from unreasonable bodily intrusions but not inspections of appearance of their bodies). Plaintiff's claim involves a visual search using a video camera. Under the circumstances, Fourth Amendment protection is unavailable to Plaintiff, and **Count 2** shall be dismissed with prejudice.

### Count 3

The amended complaint also states no colorable Eighth Amendment claim (**Count 3**) against the defendants, and Count 3 is therefore subject to dismissal without prejudice. The Seventh Circuit has long held that guards may monitor the bathroom activity of opposite-sex prisoners without violating the Eighth Amendment, if they are doing so in order to maintain prison safety or security. *Courtney v. Devore*, 595 F. App'x 618, 620 (7th Cir. 2014) (citing *Johnson*, 69 F.3d at 146). The Seventh Circuit has also found no Eighth Amendment violation, where officials placed cameras in cells "at random" without regard to who was housed in the cell. *See Matthews*, 513 F. App'x at 608.

Problems arise under the Eighth Amendment when officers conduct themselves in a manner that is intended to harass, humiliate, or cause psychological pain without legitimate

justification. *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015); *Matthews*, 513 F. App'x at 608; *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004) (explaining that harassment or malicious conduct unrelated to institutional security violates Eighth Amendment). For example, the Seventh Circuit has held that a prisoner should be allowed to proceed on an Eighth Amendment claim challenging a standard jail transfer policy that compelled "continuing[ ] and public undress without any obvious justification for the treatment." *King*, 781 F.3d at 897 (noting that this looks more like an unjustified effort to humiliate prisoners than did the routine supervision of prisoners in *Johnson*).

The amended complaint does not support an Eighth Amendment claim against the defendants. The reasons for monitoring Plaintiff in his jail cell are, to a large extent, obvious; these reasons are discussed at length by the Seventh Circuit in *Johnson* and its progeny. *See, e.g., Johnson* 69 F.3d 144 (7th Cir. 1995); *Whitman*, 368 F.3d 931 (7th Cir. 2004); *Mays*, 575 F.3d 643 (7th Cir. 2009); *Matthews*, 513 F. App'x 605 (7th Cir. 2013). Here, Plaintiff does not identify the individuals who made the decision to use a "360 degree camera" to monitor him at all times. Although Plaintiff does name those individuals who have monitored him while he was nude or using the restroom, Plaintiff does not allege that these defendants did so in order to humiliate him. He instead alleges that the constant video surveillance left him feeling humiliated. The Court does not question Plaintiff's emotional response to the monitoring. At the same time, it cannot conclude that the defendants intended to humiliate or harass him, absent any allegations suggesting that this was their purpose. The Eighth Amendment claim in **Count 3** shall therefore be dismissed. However, because the problems with this claim may be cured through an amendment, the dismissal shall be without prejudice against the defendants.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 1 against the unknown defendants, who are identified as members of the Jail's staff who monitored Plaintiff using the "360 degree camera." Before service of the amended complaint can be made on them, these individuals must be identified with particularity. Where a complaint states specific allegations describing conduct of individual jail staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the plaintiff should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

In this case, several Jail officials are already named as defendants in this action; the Jail Superintendent will be added as a defendant, in his or her official capacity only, based on Plaintiff's request for injunctive relief. All of these defendants, including the Jail Superintendent, must respond to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the amended complaint.

### Pending Motion

Plaintiff filed a Motion Seeking Legal Counsel (Doc. 11), which shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

### Disposition

The Clerk is **DIRECTED** to **ADD** the **ALTON CITY JAIL SUPERINTENDENT**, in his or her official capacity only, to the docket sheet in CM/ECF, and this defendant shall carry

out any injunctive relief that is ordered in this action.

IT IS HEREBY ORDERED that COUNT 2 is DISMISSED with prejudice for failure to state a claim upon which relief may be granted, and COUNT 3 is DISMISSED without prejudice for the same reason.

IT IS FURTHER ORDERED that with respect to COUNT 1, the Clerk of Court shall prepare for Defendants SERGEANT KRAMER, ROBERT DEWALL, EVAN BAILEY, ROBERT ROSS, and COLLEEN MOORE: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is DIRECTED to mail these forms, a copy of the Amended Complaint (Doc. 10), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that service shall not be made on Defendants UNKNOWN PARTIES (i.e., Jail staff members) until such time as Plaintiff has identified them by name in a properly filed motion for substitution. Plaintiff is ADVISED that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a defendant who can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon the defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint (Doc. 10) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on the Motion Seeking Legal Counsel (Doc. 11). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 29, 2016**

<u>s/ MICHAEL J. REAGAN</u>
**Chief Judge,**
**United States District Court**