IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BRADFORD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-cv-1405-MJR-SCW ) |
| SGT. KRAMER, et al., | ) ) |
| Defendants. | ) ) ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### INTRODUCTION

Acting *pro se*, Plaintiff David Bradford brought the present lawsuit alleging violations of his civil rights by officials at the Alton City Jail relating to the usage of cell cameras in the jail. Summary judgment was granted to Defendants on all claims except one for injunctive relief. This matter is currently before the Court on an Order to Show Cause (Doc. 47) issued by the undersigned. On March 10, 2017, the undersigned ordered Plaintiff Bradford to file a pleading explaining why his recent transfer from the Alton Jail did not render his claim for injunctive relief moot. Plaintiff filed a Response to the show cause order, and Defendants filed a Reply. As such, this matter is ripe for disposition. As more fully discussed below, since any notion that Plaintiff Bradford could again be placed in the Alton Jail is based on speculation, the undersigned **RECOMMENDS** that Plaintiff's RLUIPA claim be **DISMISSED** as **MOOT**.

## BACKGROUND

In June 2015, Plaintiff filed the present lawsuit[1] alleging that the use of cell cameras in the Alton Jail violated his constitutional rights. (*See* Doc. 2). A district judge conducted a merits review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and allowed a single count to proceed. (Doc. 12, p. 3). The district judge found that in alleging that the Defendants used a "360 degree camera" to continuously monitor Plaintiff, who is a Muslim, Plaintiff had successfully pleaded a count alleging violations of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (*Id.*). On January 27, 2017, the undersigned issued a Report and Recommendation to District Judge Gilbert regarding a Motion for Summary Judgment filed by Defendants. (*See* Doc. 39). The undersigned recommended that summary judgment be granted as to the merits of Plaintiff's First Amendment claim, but be denied as to his RLUIPA claim. (*Id.* at 21). Judge Gilbert adopted the undersigned's Report and Recommendation in its entirety, and granted summary judgment on Plaintiff's First Amendment claim, but denied summary judgment as to the RLUIPA claim. (Doc. 52). Since a plaintiff cannot recover money damages under RLUIPA, this case then proceeded only for the purposes of injunctive relief. (*See* Doc. 39, p. 20 – 21).

At the time Plaintiff first brought suit, he was a federal detainee housed at the Alton Jail awaiting disposition of a criminal action brought against him by the United

---

[1] Plaintiff initially brought suit as part of a group of Plaintiffs in 15-cv-674-SMY. (*See* Doc. 1). Plaintiff's claims, however, were severed into this lawsuit. (*See id.*).

States Government. (Doc. 23-2, p. 1). On January 11, 2017, however, after being convicted of numerous criminal counts brought against him, Plaintiff was sentenced to a total term of imprisonment of 420 months with the Federal Bureau of Prisons. *See U.S. v. Bradford*, **3:15-cr-30001-DRH, Doc. 270**. Shortly thereafter, Plaintiff was transferred to United States Penitentiary Big Sandy in Inez, Kentucky to begin his sentence. (Doc. 45, p. 2). Plaintiff states that he has appealed his conviction and sentence. (Doc. 50, p. 2). After Plaintiff filed a Notice of Change of Address reflecting his transfer, the undersigned issued an Order to Show Cause ordering Plaintiff to respond and explain why his claims for injunctive relief under RLUIPA should not be dismissed as moot. (Doc. 47).

## LEGAL STANDARD

Article III of the Constitution provides that the judicial power of the federal courts extends to certain "Cases" and "Controversies". **U.S. CONST. Art. III, § 2**. A Case or Controversy no longer exists under Article III, however, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, **133 S.Ct. 721, 726 – 27 (2013) (quoting** *Murphy v. Hunt*, **455 U.S. 478, 481 (1982)) (internal quotations omitted)**. In such an instance a case becomes moot. *Already*, **133 S.Ct. at 726**. Issues of justiciability, such as mootness, must be raised by a court *sua sponte*, if not raised by the parties. *Wernsing v. Thompson*, **423 F.3d 732, 743 (7th Cir. 2005) (citing** *Hay v. Indiana State Board of Tax Commissioners*, **312 F.3d 876, 879 (7th Cir. 2002))**.

In the context of a prisoner lawsuit where the inmate seeks injunctive relief, if the inmate is transferred to another institution, his injunctive claims against the officials of the prior institution are moot unless the inmate can demonstrate a likelihood of being retransferred back to the former institution. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). In the event of a transfer, mere speculation of a retransfer is not sufficient to prevent a claim for injunctive relief from becoming moot, however. *Higgason*, 83 F.3d at 811. Rather, the inmate must make a showing that it is a "realistic possibility" that he will be retransferred to the prior institution. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011).

An exception to the mootness doctrine exists for injuries "capable of repetition, yet evading review." *Brown v. Bartholomew Consolidated School Corp.*, 442 F.3d 588, 598 (7th Cir. 2006) (quoting *Honig v. Doe*, 484 U.S. 305, 318 (1988)) (internal quotations omitted). This exception, occurring only in "exceptional situations" is applied where "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Kingdomware Technologies, Inc. v. U.S.*, 136 S.Ct. 1969, 1976 (2016) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)) (internal quotations omitted; brackets in original).

## ANALYSIS

Plaintiff Bradford has failed to demonstrate anything more than speculation that he could be placed again in the Alton Jail. In responding to the Court's show cause

order, Plaintiff essentially argues that his RLUIPA claim is not moot because he has appealed his federal criminal conviction, and if he is successful on appeal he "stands the chance of possibly once again being placed within the Alton City Jail." (Doc. 50, p. 2). Plaintiff has provided the undersigned no reason to believe there is a likelihood of such a retransfer actually occurring, however. Because Plaintiff no longer is confined in the Alton Jail, and because he has failed to demonstrate that there is a "realistic possibility" or "reasonable expectation" that he will again be placed in the Alton Jail, Plaintiff's RLUIPA claim is moot.

The Supreme Court's decision in *Murphy v. Hunt*, **455 U.S. 478 (1982)** is instructive. There, Hunt was charged with multiple counts of sexual assault in Nebraska. *Murphy*, **455 U.S. at 479**. A provision in the Nebraska Constitution prohibited bail for persons charged with certain sexual offenses, and Hunt was twice denied bail. *Id* **at 479, 480**. Hunt filed suit in federal court, seeking declaratory and injunctive relief, and alleging that the provision of the Nebraska constitution prohibiting bail in cases of first-degree sexual offenses was unconstitutional under the United States Constutition. *Id* **at 480.** The district court dismissed his complaint, and Hunt appealed. *Id.* Prior to the district court's dismissal, Hunt was convicted on three sexual assault charges, and after the federal court's dismissal, he was sentenced by a state court to prison. *Id.*

The Supreme Court held that as Hunt had not sought damages or brought the suit as a class action, his civil rights suit was moot. *Id.* **at 481 – 482**. A live controversy no

longer existed regarding Hunt's bail, because once Hunt had been convicted, a favorable ruling on the merits of his suit would not have entitled Hunt to bail. *Id.* Nor did Hunt's situation fall under the "capable of repetition, yet evading review" exception to mootness. The court of appeals had found that since the Nebraska Supreme Court might overturn Hunt's three convictions, which could again place Hunt in the position of demanding bail before trial, the exception applied. *Id.* **at 482**. The Supreme Court, however, found that the record failed to demonstrate that there was a "'reasonable expectation'" or "'demonstrated probability'" that Hunt would again be demanding pretrial bail. *Id.* **at 483.**

Here, Plaintiff Bradford's RLUIPA claim is also moot without exception. Since he has been transferred from the Alton Jail to a federal penitentiary to serve his sentence, there is no longer a live controversy regarding the continued video monitoring of Plaintiff in the jail. Even if, hypothetically, the Court were to rule in Plaintiff's favor on his RLUIPA claim, he would derive no benefit from it since he no longer resides at the Alton Jail. Thus, Plaintiff no longer has a legally cognizable interest in the outcome of his suit. Additionally, the fact that Plaintiff has appealed his convictions on his criminal charges that landed him in the Alton Jail for pretrial detention does not prevent his RLUIPA claim from being moot or excepted from the mootness doctrine. There is no reason in the record to believe that not only does a likelihood exist that Plaintiff Bradford's conviction will be overturned on appeal, but that in such an event, he would again be placed in the Alton Jail. If the undersigned were to believe such a notion, it

would be based on mere speculation.  In fact, Plaintiff tacitly acknowledges the speculative nature of his argument in asserting that he "*stands the chance* of *possibly* once again being placed within the Alton City Jail."  (Doc. 50, p. 2) (emphasis added).  Since Plaintiff Bradford is no longer detained in the Alton Jail, and since he cannot demonstrate a "realistic possibility" or "reasonable expectation" that he will again be placed in the jail, there is no longer a live case or controversy as to his RLUIPA claim for injunctive relief relating to the placement of cell camera monitors within the jail.  Therefore, Plaintiff's RLUIPA claim, his only remaining claim, is moot.  *See also Maddox*, **655 F.3d at 716 (where inmate brought suit against officials at Lawrence Correctional Center, inmate's claim for injunctive relief under RLUIPA was moot since inmate had been transferred to another institution and did not demonstrate a realistic possibility that he would again be placed in Lawrence)**.

## Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that the district judge **DISMISS** Plaintiff Bradford's remaining claim, seeking injunctive relief under RLUIPA, as **MOOT**.  Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **May 15, 2017**.

**IT IS SO ORDERED**.
DATED: 4/27/2017

/s/ Stephen C. Williams
STEPHEN C. WILLIAMS
United States Magistrate Judge